## BARNETT v GLOGER

Ohio Appeals, 6th Dist, Lucas Co

No. 2233.  Decided December 23, 1929

Messrs. Brown & Sanger and S. M. Douglas, Toledo, for Barnett.

Messrs. Miller & Miller and C. P. Carroll, Toledo, for Gloger.

**WILLIAMS, J.**

The clause by which the plaintiff agreed not to engage in the same business in Toledo for a ten year period was valid and complied with the rule applicable to such cases. Where the restraint is partial and founded upon a valid consideration and the contract is reasonable and not oppressive, the contractual obligations are binding and can be enforced. **Lange vs. Werk, 2 Ohio St., 520.** In the case of **A. Beesch Company vs. William F. Schmidt, 20 Court of Appeals Opinions, 6th District, unreported, p. 259,** it was held that an agreement not to compete in the same business for a ten year period was not an unreasonable restraint of trade. We also call attention to the following cases:

**Ewing vs. Davis, 2 C. C., N. S., 90;**

**Paragon Oil Co. vs. Hall, 7 C. C., 240.**

In the case of **Morgan vs. Perhamus, 36 Ohio St., 517,** it was held that where M, engaged in carrying on the business of millinery and dressmaking, sold her stock of goods with the good will of the business and agreed not to carry on the business in the future at the town of F, or at any place within such distance of said town as would interfere with such business, whether the same was carried on by the purchasers or their successors, such agreement in equity is binding and on action brought by the successors of the purchasers M will be enjoined from carrying on such business in violation of the agreement.

We find that the partnership was dissolved by mutual agreement. On the other hand, if we were compelled by the evidence to make a finding that it was not so dissolved, still the plaintiff would be barred for the reason that he has transferred his interest to the defendant and received $4,000.00 as a consideration therefor, which he retains. Counsel for plaintiff makes the claim, however, that if plaintiff had not complied with the order of the court as to the execution and delivery of the bill of sale covering his interest, he would have been in contempt of court and that he was not able to file his appeal bond until long after the period fixed by the court for executing the instrument of transfer had transpired and that therefore the transfer was involuntary on his part and should not be considered binding. The claim of counsel for plaintiff is not well founded. It will be observed that the bill of sale was not executed until after the period fixed by the court. Howbeit, by the terms of the decree, if the bill of sale had not been executed, the decree itself operated as a transfer upon payment of the money, and certainly the plaintiff can not avoid the instrument of transfer so long as he retains the money paid in consideration thereof. There is no evidence that plaintiff was unable to give an appeal bond before he executed the bill of sale and received the $4,000.00.

For the reasons given a decree will be entered for the defendant upon the cross-petition and the amended petition will be dismissed and plaintiff is enjoined during the remainder of the ten year period from engaging in business in accordance with the terms of the contract in question.

Lloyd and Richards, JJ., concur.